Argued and submitted February 11, affirmed April 1, 2015

Brian OOTEN,
*Respondent,*

*v.*

CLACKAMAS COUNTY,
*Intervenor,*

*and*

Bruce D. GOLDSON,
*Petitioner.*

Land Use Board of Appeals
2014069; A158369

346 P3d 1305

T. Beau Ellis argued the cause for petitioner. With him on the briefs were A. Richard Vial, David Phillips, and Vial Fotheringham LLP.

Robyn Rider Aoyagi argued the cause for respondent. With her on the brief were David J. Peterson and Tonkon Torp LLP.

Nate Boderman argued the cause for intervenor. With him on the brief was Stephen L. Madkour.

David J. Hunnicutt filed the brief *amicus curiae* for Oregonians In Action Legal Center.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

LAGESEN, J.

**LAGESEN, J.**

Petitioner seeks judicial review of an order of the Land Use Board of Appeals (LUBA) that remanded to the Clackamas County Board of Commissioners (the county) a decision approving petitioner's application for a comprehensive plan amendment and zone change. Petitioner assigns error to LUBA's determination that the county failed to establish, under the process outlined in OAR 660-004-0018, that the proposed amendment and zone change did not require new exceptions to Statewide Planning Goals 3 and 4, as well as to LUBA's determination that the county was required to demonstrate that all sections of OAR 660-004-0018(2) are satisfied in order to establish that the proposed plan amendment and zone change do not require new exceptions to Goals 3 and 4. We affirm.

## I. BACKGROUND

The subject property for which petitioner seeks the zone change and plan amendment is located in Oregon City and includes two "legal lots of record" on Tax Lots 1000, 1001, 1002, 1100, and 1101, totaling approximately 8.15 acres. The entire property is bordered on the west by Highway 213, on the south by Quail Crest Lane, and on the north and east by rural residential properties.

Originally, the subject property was zoned Suburban Low Density Single Family Residential. In 1979, it was rezoned to Rural Residential Farm Forest 5-Acre District (RRFF-5). In 1980, the Land Conservation and Development Commission (LCDC) acknowledged the county's comprehensive plan. As acknowledged in 1980, the comprehensive plan (the Plan) designates the subject property as "Rural," meaning "exception lands, as defined in Oregon Administrative Rules 660-004-0005(1)." That rule includes in the definition of "exception" those Plan provisions that do not comply with some or all of the statewide planning goals, but that meet the requirements of a statutorily-recognized exception. *See* OAR 660-004-0005(1)(b) - (c). The county determined below that the 1980 acknowledgement of the plan provision designating the subject property as Rural resulted in an exception to the requirements of Goals 3 and 4.

Petitioner purchased Tax Lot 1000 in 1991 and Tax Lot 1100 in 1996 and operates a paving business on the property. In 2013, petitioner applied to the county to amend the Plan designation from "Rural" to "Rural Industrial" (RI) and to rezone the subject property from RRFF-5 to RI. In response to petitioner's application, respondent Brian Ooten argued that the county could not approve the proposed plan amendment and zone change because petitioner failed to demonstrate that the amendment complied with Goals 3 and 4 (the goals that regulate development on agricultural and forest lands), or qualified for exceptions to those goals under ORS 197.732[1] and OAR 660-004-0018[2]. Petitioner, in turn, asserted that, as a result of the county's 1980 exception

---

[1] ORS 197.732 states, in relevant part:

"(2) A local government may adopt an exception to a goal if:

"(a) The land subject to the exception is *physically developed* to the extent that it is no longer available for uses allowed by the applicable goal;

"(b) The land subject to the exception is *irrevocably committed* as described by Land Conservation and Development Commission rule to uses not allowed by the applicable goal because existing adjacent uses and other relevant factors make uses allowed by the applicable goal impracticable; or

"(c) The following standards are met:

"(A) *Reasons* justify why the state policy embodied in the applicable goals should not apply;

"(B) Areas that do not require a new exception cannot reasonably accommodate the use;

"(C) The long term environmental, economic, social and energy consequences resulting from the use at the proposed site with measures designed to reduce adverse impacts are not significantly more adverse than would typically result from the same proposal being located in areas requiring a goal exception other than the proposed site; and

"(D) The proposed uses are compatible with other adjacent uses or will be so rendered through measures designed to reduce adverse impacts."

(Emphases added.)

[2] OAR 660-004-0018 states:

"(1) Purpose. This rule explains the requirements for adoption of plan and zone designations for exceptions. Exceptions to one goal or a portion of one goal do not relieve a jurisdiction from remaining goal requirements and do not authorize uses, densities, public facilities and services, or activities other than those recognized or justified by the applicable exception. Physically developed or irrevocably committed exceptions under OAR 660-004-0025 and 660-004-0028 and 660-014-0030 are intended to recognize and allow continuation of existing types of development in the exception area. Adoption of plan and zoning provisions that would allow changes in existing types of uses, densities, or services requires the application of the standards outlined in this rule.

stemming from the acknowledged plan's designation of the subject property as "rural", Goals 3 and 4 no longer applied to the property at all, relieving petitioner of the obligation to demonstrate compliance with them or to obtain an exception from them.

---

"(2) For 'physically developed' and 'irrevocably committed' exceptions to goals, * * * all plan and zone designations shall limit uses, density, and public facilities and services to those:

"(a) That are the same as the existing land uses on the exception site;

"(b) That meet the following requirements:

"(A) The rural uses, density, and public facilities and services will maintain the land as 'Rural Land' as defined by the goals, and are consistent with all other applicable goal requirements;

"(B) The rural uses, density, and public facilities and services will not commit adjacent or nearby resource land to uses not allowed by the applicable goal as described in OAR 660-004-0028; and

"(C) The rural uses, density, and public facilities and services are compatible with adjacent or nearby resource uses;

"(c) For uses in unincorporated communities, the uses are consistent with OAR 660-022-0030, 'Planning and Zoning of Unincorporated Communities', if the county chooses to designate the community under the applicable provisions of OAR chapter 660, division 22; and

"(d) For industrial development uses and accessory uses subordinate to the industrial development, the industrial uses may occur in buildings of any size and type provided the exception area was planned and zoned for industrial use on January 1, 2004, subject to the territorial limits and other requirements of ORS 197.713 and 197.714.

"(3) Uses, density, and public facilities and services not meeting section (2) of this rule may be approved on rural land only under provisions for a reasons exception as outlined in section (4) of this rule and applicable requirements of OAR 660-004-0020 through 660-004-0022, 660-011-0060 with regard to sewer service on rural lands, OAR 660-012-0070 with regard to transportation improvements on rural land, or OAR 660-014-0030 or 660-014-0040 with regard to urban development on rural land.

"(4) 'Reasons' Exceptions:

"(a) When a local government takes an exception under the 'Reasons' section of ORS 197.732(1)(c) and OAR 660-004-0020 through 660-004-0022, plan and zone designations must limit the uses, density, public facilities and services, and activities to only those that are justified in the exception.

"(b) When a local government changes the types or intensities of uses or public facilities and services within an area approved as a 'Reasons' exception, a new 'Reasons' exception is required.

"(c) When a local government includes land within an unincorporated community for which an exception under the 'Reasons' section of ORS 197.732(1)(c) and OAR 660-004-0020 through 660-004-0022 was previously adopted, plan and zone designations must limit the uses, density, public facilities and services, and activities to only those that were justified in the exception or OAR 660-022-0030, whichever is more stringent."

The county agreed with petitioner, determining that no new exception to either Goal 3 or 4 was required, because the property at issue was already subject to the 1980 exception to Goals 3 and 4. Specifically, the county reasoned that "[a]n Exception to the Statewide Planning Goals was completed by the County and acknowledged by LCDC to designate the property Rural when the County adopted the Comprehensive Plan in 1980." Further, the county determined that the proposed plan amendment otherwise complied with the requirements of OAR 660-004-0018.

Respondent appealed the county's decision to LUBA. Before LUBA, respondent assigned error to, among other things, the county's determination that no new exception to Goal 3 or 4 was required, and to the county's factual findings concerning OAR 660-004-0018. Concerning the need for new exceptions to Goals 3 and 4, respondent argued that a representative from the county had stated that the initial Rural designation qualified as both a "physically developed" and an "irrevocably committed" exception to Goals 3 and 4. Respondent further asserted that, under ORS 197.732 and OAR 660-004-0018, those types of exceptions "are limited to 'specific properties or situations'" and "authorize only uses that existed at the time the exception was granted." In respondent's view, because the proposed amendment appeared to permit "uses that are decidedly not the same as the uses permitted under the existing Rural designation," OAR 660-004-0018 required petitioner to meet the requirements for a new "reasons" exception to Goals 3 and 4.

In response, petitioner argued that respondent's contention that new exceptions to Goals 3 and 4 were required amounted to an impermissible collateral attack on the 1980 exception taken when the subject property was designated and rezoned Rural. Petitioner did not attempt to frame his argument that no new exceptions were required under the terms of OAR 660-004-0018, which governs the determination of whether new exceptions are required in connection with plan amendments and zone changes.

LUBA concluded that the county's factual findings were inadequate to determine whether or not new exceptions to Goals 3 and 4 were required under OAR 660-004-0018 in

connection with the proposed amendment and zone change, and remanded to the county to conduct the analysis required by the rule. In so doing, LUBA rejected petitioner's argument that the 1980 exception to Goals 3 and 4 meant that those goals no longer applied to the property, noting that, under the plain terms of OAR 660-004-0018, exceptions to goals operate to authorize only uses, services, activities, densities and facilities that are "recognized or justified by the applicable exception," and do not categorically exempt the property covered by the exception from the application of the statewide planning goals. LUBA reasoned that, under the terms of the rule, whether new exceptions were required turned on the scope of the 1980 exception and the relationship between the land uses "recognized or justified by" that exception, and the uses that would be permitted under the proposed plan amendment and zone change.

Petitioner timely petitioned for judicial review of LUBA's decision. On judicial review, petitioner raises two assignments of error. First, petitioner assigns error to LUBA's conclusion that "the County was required to take Goals 3 and 4 [into] consideration with respect to Petitioner's application." Petitioner argues that, "once an exception has been taken to a goal no new exception to the same goal is necessary." Therefore, petitioner argues, because the 1980 designation of the property as Rural constituted an acknowledged exception to Goals 3 and 4, no new exception to those goals is required. Second, petitioner assigns error to LUBA's conclusion that he must demonstrate that all requirements of OAR 660-004-0018(2) are satisfied in order to avoid the need to take a reasons exception to Goals 3 and 4, arguing that we should interpret the word "and" in OAR 660-004-0018(2)(c) as a disjunctive "or." The county joins in petitioner's arguments.

## II. STANDARD OF REVIEW

We review LUBA's order to determine whether it is "unlawful in substance or procedure[.]" ORS 197.850(9)(a).

## III. ANALYSIS

As noted, in the first assignment of error, petitioner contends that LUBA erred in concluding that the county failed to demonstrate that no new exceptions to Goals 3

and 4 were required in connection with the proposed plan amendment and zone change, rendering LUBA's order "unlawful in substance." Petitioner asserts that, by virtue of the 1980 exception, Goals 3 and 4 no longer apply to the subject property at all and that, as a result, the county was not required to assess whether new exceptions were required in processing petitioner's application for a plan amendment and zone change. In petitioner's view, LUBA therefore erred by remanding to the county.

That argument fails to demonstrate any legal error in LUBA's decision. LUBA remanded the case to the county based on its determinations that (1) OAR 660-004-0018 establishes the process for determining whether or not the proposed plan amendment and zone change require new exceptions to Goals 3 and 4; (2) the county failed to conduct the analysis required by the rule in approving petitioner's application, and, relatedly; (3) the county had failed to develop an adequate factual basis for conducting that analysis. It is undisputed that the subject property is subject to the existing 1980 exception to Goals 3 and 4. Moreover, OAR 660-004-0018 states unequivocally that it "explains the requirements for adoption of plan and zone designations for exceptions," and then spells out the process for determining whether or not a new exception is required. OAR 660-004-0018. We recognized as much in our decision in *Doty v. Coos County*, 185 Or App 233, 241-44, 59 P3d 50 (2002) (explaining that "ORS 660-004-0018 governs whether a change in use is allowed under an existing exception" and provides the process for determining whether a new exception is required by a proposed zone change or plan amendment). In the briefing before us,[3] petitioner has not identified any

_____

[3] At oral argument, petitioner suggested that the subject property was categorically exempt from Goals 3 and 4 and that the 1980 exception does not bear on the analysis on whether new exceptions to Goals 3 and 4 are required. Further, on appeal, *amicus curiae* identifies ORS 197.732(8) as the potential source of an exception that could have the effect of categorically exempting certain property from the application of statewide planning goals. However, those arguments were not presented to LUBA, and, thus, do not provide a basis for us to conclude that LUBA erred. In addition, petitioner's belated suggestion at oral argument that the 1980 exception is irrelevant to the analysis conflicts with the county's finding that it was the 1980 exception that relieved the county of any further obligation to assess whether the changes proposed by petitioner's application required a new exception to Goals 3 and 4.

error in LUBA's conclusion that the county must conduct the OAR 660-004-0018 analysis to determine whether new exceptions to Goals 3 and 4 are required or provided any reasoned argument as to why that rule does not apply to the county's evaluation of petitioner's application. Accordingly, petitioner has not demonstrated that LUBA's conclusion to remand to the county to conduct the analysis required by OAR 660-004-0018 renders the order on review "unlawful in substance."

In the second assignment of error, petitioner argues that LUBA erred in concluding that on remand the county is required to find that all requirements of OAR 660-004-0018(2) are satisfied to avoid the requirement in OAR 660-004-0018(3) and (4) that the county take a new "reasons" exception to Goals 3 and 4. OAR 660-004-0018(2) provides in full:

> "For 'physically developed' and 'irrevocably committed' exceptions to goals, * * * all plan and zone designations shall limit uses, density, and public facilities and services to those:

> "(a)  That are the same as the existing land uses on the exception site;

> "(b)  That meet the following requirements:

> "(A)  The rural uses, density, and public facilities and services will maintain the land as 'Rural Land' as defined by the goals, and are consistent with all other applicable goal requirements;

> "(B)  The rural uses, density, and public facilities and services will not commit adjacent or nearby resource land to uses not allowed by the applicable goal as described in OAR 660-004-0028; and

> "(C)  The rural uses, density, and public facilities and services are compatible with adjacent or nearby resource uses;

> "(c)  For uses in unincorporated communities, the uses are consistent with OAR 660-022-0030, 'Planning and Zoning of Unincorporated Communities', if the county chooses to designate the community under the applicable provisions of OAR chapter 660, division 22; *and*

"(d) For industrial development uses and accessory uses subordinate to the industrial development, the industrial uses may occur in buildings of any size and type provided the exception area was planned and zoned for industrial use on January 1, 2004, subject to the territorial limits and other requirements of ORS 197.713 and 197.714."

(Emphasis added.) In turn, OAR 660-004-0018(3) states that "[u]ses, density, and public facilities and services not meeting section (2) of this rule may be approved on rural land only under provisions for a reasons exception as outlined in section (4) of this rule" and other applicable rules. Although petitioner acknowledges that the word "and" at the end of OAR 660-004-0018(2)(c) ordinarily would be construed to mean that all four requirements under section (2) must be met in order to avoid the need to take a reasons exception, petitioner argues that we should construe that "and" to mean "or," and hold that the county need not take a reasons exception to Goals 3 and 4 if it finds that any one of the four requirements in OAR 660-004-0018(2) is met.

We decline petitioner's request to read the "and" at the end of OAR 660-004-0018(2)(c) to mean "or." LCDC, which promulgated the rule, amended the rule in 2011 to change what had been the word "or" at the end of OAR 660-004-0018(2)(c) to "and." Oregon Bulletin, Volume 50, No 3, p 126 (March 2011). Notwithstanding petitioner's suggestion to the contrary, it is not impossible to implement the rule if the requirements of OAR 660-004-0018(2) are construed to operate conjunctively, as the ordinary meaning of the word "and" would suggest LCDC intended. Under those circumstances, we presume that LCDC's explicit and recent decision to change the word "or" to "and" was intentional, and, in particular, that LCDC intended that the provisions of OAR 660-004-0018(2) would apply conjunctively rather than disjunctively as a result of the amendment. It is not our role to repeal that amendment by interpreting the word "and" to mean "or."

Affirmed.